FILED
2018 Jul-18  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM J. BAXLEY AND** **MARIE A. PRAT BAXLEY,** | ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) | **CIVIL ACTION NO. _____** |
| **JACK L. HOWARD, STEEL EXCEL, INC., ET AL.** | ) ) ) | |
| **Defendants.** | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Jack L. Howard ("Howard") and Steel Excel, Inc. ("Steel Excel", collectively "Defendants") file this Notice of Removal to remove this action from the Circuit Court of Jefferson County, Alabama, where it was filed as 01-CV-2018-902344, to the United States District Court for the Northern District of Alabama, Southern Division.  In support thereof, Defendants state as follows:

### INTRODUCTION

1.      On June 11, 2018, Plaintiffs William J. Baxley ("Bill Baxley") and Marie A. Prat Baxley ("Marie Baxley", collectively "Plaintiffs") filed a Complaint in the Circuit Court of Jefferson County, Alabama styled as *William J. Baxley and Marie A Prat Baxley v. Jack L. Howard, Steel Excel, Inc., Fictitious Defendants A, B, C and D, being those persons, firms, corporations or entities who made certain*

04510743.1

*misrepresentations to Plaintiffs; Fictitious Defendants E, F, G and H, being those*

*persons, firms, corporations or entities who suppressed certain material facts from*

*Plaintiffs*, Civil Action No. 01-CV-2018-902344.[1]  A true and correct copy of the

entire state court file is attached hereto as Exhibit A.

2.     In their Complaint, Plaintiffs assert claims against Defendants for

fraud, suppression, deceit, promissory estoppel, and promissory fraud and seek

compensatory and punitive damages as a remedy for each claim.  (Compl. at pp.

10-15 (Ex. A).)

3.     Defendants were served with the Complaint on June 18, 2018.  (*See*

Return of Service (Ex. A).)  Because this action could have originally been filed in

federal court pursuant to 28 U.S.C. § 1332 in that there is complete diversity of

citizenship between Plaintiffs and Defendants and the amount in controversy

exceeds $75,000, exclusive of interest and costs, it is properly removed under 28

U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

4.     Plaintiffs are citizens and residents of Alabama.  (Compl. at ¶ 1 (Ex.

A).)

5.     Jack L. Howard is alleged to be a resident and citizen of New York.

(*See* Compl. at ¶ 2 (Ex. A).)

---

[1] The Complaint identifies numerous fictitious defendants neither known to Defendants nor represented by the undersigned counsel.

04510743.1

6.     Steel Excel, Inc. is a Delaware corporation with its principal place of business in New York.  (*See* Compl. at ¶ 3 (Ex. A).)  Steel Excel is therefore a citizen of the State of Delaware and the State of New York.  *See* 28 U.S.C. § 1332(c)(1) (2012).  As a result, Steel Excel is not now, and was not at the time of the filing of the Complaint, a citizen of Alabama within the meaning of the Acts of Congress related to the removal of cases.

7.     While the Complaint identifies several fictitious defendants, the citizenship of fictitious defendants is not considered for purposes of removal on the basis of diversity of citizenship.  28 U.S.C. § 1441(b)(1) (2012).

### AMOUNT IN CONTROVERSY

8.     Plaintiffs allege that they bought 6,000 shares of common stock of Adaptec, Inc. in December of 2005 for approximately $34,000.  (Compl. at p. 3, para. 12 (Ex. A).)

9.     Allegedly, in a December 2009 phone call with Bill Baxley, Defendants misrepresented and suppressed material facts about Adaptec, Inc. (Compl. at p. 5 (Ex. A).)

10.     Allegedly, in reliance on the December 2009 phone call, Plaintiffs (1) forwent selling their 6,000 Adaptec, Inc. shares in December 2009, (2) bought 16,000 additional shares of Adaptec, Inc. or its successor, ADPT Corp. (collectively, "Adaptec") later in December 2009 for approximately $53,182, and

04510743.1

(3) bought 7,000 more Adaptec shares in June 2010 for approximately $21,210. (Compl. at pp. 5-10 (Ex. A).)

11.    In January 2011, Adaptec changed its name to Steel Excel, Inc. ("Steel Excel") and Plaintiffs' Adaptec shares were replaced by an equivalent number of Steel Excel shares.  (Compl. at p. 8, para. 38 (Ex. A).)

12.    In October 2011, Steel Excel completed a reverse/forward stock split. As a result, Plaintiffs' 29,000 Steel Excel shares were converted into 2,900 Steel Excel shares.  (Compl. at p. 8, para. 40 (Ex. A).)

13.    In February 2017,[2] Steel Excel was merged into Steel Partners Holdings LP ("SPLP").  As a result of the merger, Plaintiffs' 2,900 shares of Steel Excel stock were tendered and replaced by SPLP preferred stock.  (Compl. at p. 9, para. 48 (Ex. A).)

14.    There are two components to Plaintiffs' alleged claim for compensatory damages.  First, Plaintiffs seek the difference between (a) what they paid for the 23,000 Adaptec shares purchased after the December 2009 phone call and (b) the current value of the SPLP preferred shares they now hold in place of those 23,000 shares.  (Compl. at p. 9, para. 48; p. 11, para. 56 (Ex. A).)  Second, Plaintiffs seek to recover the difference between (a) what they would have received

---

[2] The Complaint alleges that a tender offer pursuant to the merger was made in January 2017.  (Compl. at p. 9, para. 48 (Ex. A).)  The merger was effected in February 2017.  (*See* Declaration of Douglas B. Woodworth, p. 1, para. 2 (Ex. B).)

had they sold 6,000 Adaptec shares in December 2009 and (b) the value of the SPLP preferred stock they now hold in place of those 6,000 shares.  *Id*.

15.    The Complaint alleges that Plaintiffs paid $74,392 for the 23,000 Adaptec shares purchased after the December 2009 phone call.  (Compl. at pp. 5-10 (Ex. A).)  As attested to by the Declaration of Douglas B. Woodworth attached hereto as Exhibit B ("Woodworth Declaration"), the 2,300 shares of Steel Partners stock Plaintiffs held as of the 2017 merger (which reflected Plaintiffs' purchase of 23,000 shares of Adaptec stock) would have entitled Plaintiffs to 1,638 shares of SPLP preferred stock.  (*See* Woodworth Declaration, p. 2, para. 4 (Ex. B).)

16.    The closing price for SPLP preferred stock traded on the New York Stock Exchange on July 17, 2018 was $22.32 per share, making Plaintiffs' 1,638 SPLP preferred shares worth $36,560.  (*See* Woodworth Declaration, p. 2, para. 7 (Ex. B).)  Accordingly, the first component of Plaintiffs' compensatory damages claim is allegedly valued at **$37,832** ($74,392 minus $36,560).

17.    As for the second component of Plaintiffs' compensatory damages claim, had Plaintiffs sold 6,000 shares of Adaptec stock on December 14, 2009 (the date on which Plaintiffs purchased Adaptec stock, allegedly in reliance on the December 2009 phone call), they would have received $19,920.  (*See* Woodworth Declaration, p. 2, para. 5 (Ex. B).)  The 600 Steel Excel shares Plaintiffs held as of the February 2017 merger were replaced by 427 SPLP preferred shares (*see*

Woodworth Declaration, p. 2, para. 6 (Ex. B).).  Based on the $22.32 per share NYSE closing price on July 17, 2018, 427 SPLP preferred shares are worth $9,531 today.  Therefore, the second component of Plaintiffs' compensatory damages claim is allegedly valued at **$10,389** ($19,920 minus $9,531).

18.    Consequently, Plaintiffs allege at least **$48,221** in compensatory damages ($37,832 plus $10,389).

19.    In addition to compensatory damages of $48,221, Plaintiffs seek punitive damages.  (*See* Compl. at pp. 10-15 (Ex. A).)  It is well-settled that courts must consider punitive damages in addition to compensatory damages when calculating the amount in controversy.  *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *see also Higgins v. United States Steel Corp.*, No. 2:17-CV-00119-RDP, 2017 WL 1317865, at *3 (N.D. Ala. Apr. 10, 2017) ("The misconduct alleged in Plaintiff's Complaint, coupled with his claim for punitive damages, more likely than not warrant relief which may exceed the jurisdictional requirement.").

20.    Indeed, under Alabama law, punitive damages for fraud can equal three times the compensatory damages or $500,000, whichever is greater. *Larousse v. Hammond*, No. CV 1:18-00080-CG-N, 2018 WL 1956121, at *5 (S.D. Ala. Apr. 10, 2018), *report and recommendation adopted*, No. CV 18-0080-CG-N, 2018 WL 1952526 (S.D. Ala. Apr. 25, 2018) (citing Ala. Code § 6-11-21(a)); *see*

04510743.1

*also* Ala. Code § 6-11-20(a) (2014) (allowing courts to award punitive damages for fraud).

21.    As demonstrated above, the compensatory damages here amount to $48,221.  Plaintiffs may ask for up to three times the compensatory damages, which amounts to $144,663.  Or Plaintiffs may reasonably seek $500,000 in punitive damages, greatly placing the amount in controversy over the $75,000 threshold.  *See Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009) ("When the punitive damages claims for what 'may be awarded' are considered in relation to both the compensatory damages claims and the conduct alleged, a punitive award of slightly more than double the compensatory damages claim would occasion an amount in controversy that exceeds  the jurisdictional minimum.  Such  an  amount  for punitive damages is uncontroversially within the limits of the Due Process Clause.").

22.    Although the determination of the amount in controversy is a matter of federal law, district courts may nonetheless look to state law to the extent it is relevant to defining the nature and degree of the right sought to be enforced. *Broughton v. Fla. Int'l Underwriters, Inc.*, 139 F.3d 861, 863 (11th Cir. 1998). And it is appropriate for a district court to consider awards in cases involving the same type of suit to determine the amount in controversy.  *See Henry v. Nationwide Ins. Co.*, No. 06-0612-CV-M, 2007 WL 2409817, at *2 (S.D. Ala.

Aug. 22, 2007); *Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 404 (M.D. Ala. 1995).

23.     Plaintiffs in Alabama routinely receive awards in fraud cases that far exceed the amount in controversy required for diversity jurisdiction even though their out-of-pocket damages were nominal.  *See Bolling*, 900 F. Supp. at 405 ("[T]he defendant has presented the court with numerous decisions from the Alabama courts in which a fraud action yielded liability of greater than [the jurisdictional threshold], despite the fact that plaintiffs' out-of-pocket or actual damages were slight.  Based on these cases, it is clear that in Alabama, when a plaintiff seeks to recover for fraud against [a] . . . company and asks for punitive damages, the recovery, if the plaintiff prevails, may very well exceed [the jurisdictional threshold]."); *see e.g. Combined Servs., Inc. v. Lynn Elecs. Corp.*, 888 F.2d 106, 107 (11th Cir. 1989) (affirming punitive damages when "[f]ollowing the trial, the jury awarded CSI $33,633.18 in compensatory damages for breach of contract, the amount of CSI's payments to Lynn under the contract plus prejudgment interest, and an additional $150,000.00 in punitive damages for fraud.").

24.     Given that Plaintiffs seek compensatory damages of $48,221 and could conceivably seek anywhere from $144,663 to $500,000 in punitive damages,

there can be no question that the amount in controversy exceeds the jurisdictional requirement of § 1332(a).

## REMOVAL PROCEDURES

25.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of Defendants being properly served with the state court Complaint.

26.   Removal to the United States District Court for the Northern District of Alabama, Southern Division is proper under 28 U.S.C. § 1441(b) because the Complaint was filed in the Circuit Court of Jefferson County, Alabama.  *See* 28 U.S.C. § 81(c)(1) (2012).

27.   Defendants will serve this Notice of Removal on counsel for all adverse parties as required by 28 U.S.C. § 1446(d).

28.   Defendants will promptly file a written Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, with the Clerk of the Circuit Court of Jefferson County, Alabama.  Additionally, Defendants will serve the Notice of Filing on counsel for all adverse parties.

29.   The allegations of this Notice of Removal are true and correct.

30.   By filing this Notice of Removal, Defendants do not waive any defense that they may have available to them, including but not limited to those in Rule 12(b) of the Federal Rules of Civil Procedure.

04510743.1

31.     If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to conduct limited jurisdictional discovery, submit a brief, and present oral argument in support of their position that this case was properly removed.

WHEREFORE, Defendants Jack L. Howard and Steel Excel, Inc. respectfully give notice that this action has been removed from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division, being the district for the county in which this action is pending, and requests that this action proceed as properly removed to this Court.

Respectfully submitted,

/s/ Carl S. Burkhalter                          _
Carl S. Burkhalter
Attorney for Defendants
Jack L. Howard and Steel Excel, Inc.

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone:  205.254.1000
Fax:  205.254.1999
Email:        cburkhalter@maynardcooper.com


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify I served on this the 18th day of July 2018, the foregoing on all counsel of record via U.S. mail at the following address:

Deborah Alley Smith
Sharon D. Stuart
CHRISTIAN & SMALL LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Telephone:  (205) 795-6588
Email:        dasmith@csattorneys.com
                    sdstuart@csattorneys.com


/s/ Carl S. Burkhalter
OF COUNSEL