# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM J BAXLEY AND MARIE A PRAT BAXLEY,** )<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**JACK L HOWARD AND STEEL EXCEL, INC.,** )<br>)<br>**Defendants.** | Civil Action Number<br>**2:18-cv-01104-AKK** |

## ORDER

This matter came to the court on a Notice of Removal. Doc. 1. The Defendants assert that jurisdiction exists in this court under 28 U.S.C § 1332 because the parties are diverse and there is more than $75,000 in dispute. *Id.* at 2-9. Because federal courts are courts of limited jurisdiction, consistent with its standard practice, the court reviewed the complaint to ascertain whether it has subject matter jurisdiction over the case. For the reasons stated below, the court finds that it does not.

William and Marie Baxley filed this action in Alabama state court against Jack Howard and Steel Excel, Inc., alleging fraud, suppression, deceit, promissory estoppel, and promissory fraud. Doc. 1-1. Specifically, they allege that the Defendants made material misrepresentations that artificially inflated the price of

certain stocks that they owned.  *Id.*  Based on the alleged conduct, as the Defendants admit, the Plaintiffs seek compensatory damages of no more than $48,221.  Doc. 1 at 6.

The party invoking diversity jurisdiction bears the burden of proving that the amount in controversy is satisfied.  *Friedman v. New York Life Ins. Co*, 410 F.3d 1350, 1353 (11th Cir. 2005).  To meet their burden, the Defendants cite to the Plaintiffs' claim for punitive damages, doc. 1 at 6-9 (citing doc. 1-1 at 13), and correctly note that Alabama law allows plaintiffs to receive up to three times the compensatory damages in punitive damages, *id*. at 6-7 (citing Ala. Code § 6-11-21).  For this reason, the Defendants assert that the amount in controversy is satisfied to warrant removal.  *Id.*

Punitive damages are highly speculative, however.  Even assuming the Plaintiffs prevail on their fraud claims, to support a claim for punitive damages they would have to prove by "clear and convincing evidence" that the Defendants "consciously or deliberately engaged in oppression, fraud, wantonness"—higher than the "preponderance of the evidence" standard they need to win compensatory damages.  *See* Ala. Code § 6-11-20; *see also Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (affirming district court's finding that the amount in controversy was not satisfied because the record was "devoid of any evidence of intentional malicious, reckless, or oppressive misrepresentation" that

would allow for punitive damages under Alabama law). Whether they can make this showing will depend largely on matters uncovered during discovery and that are unique to this dispute. In that respect, the Defendants' citation to a jury award in another case, *see* doc. 1 at 8 (citing *Combined Servs., Inc. v. Lynn Elecs. Corp.*, 888 F.2d 106, 107 (11th Cir. 1989)), is misplaced.[1] More importantly, "mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of" punitive damages generally, especially here, where the Plaintiffs "ha[ve] not placed any dollar amount on" the punitive damages they seek. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808-09 (11th Cir. 2003). Moreover, allowing the mere existence of punitive damages claims to act as a multiplier for more easily verifiable compensatory damages "would trigger grave federalism concerns . . . [effectively expanding federal jurisdiction and] usurping the States' jurisdiction over all but the smallest claims." *See Mustafa v. Mkt. St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1292 (M.D. Ala. 2012).

---

[1] The other two opinions cited by the Defendants are also not helpful. *See* doc. 1 at 7-8 (citing *Henry v. Nationwide Ins. Co.*, No. 06-0612-CV-M, 2007 WL 2409817, at *2 (S.D. Ala. Aug 22, 2017); *Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 404 (M.D. Ala. 1995)). Both cases involved claims against insurance companies for bad faith, among other things. *See Henry*, 2007 WL 2409817, at *2 ("In Alabama, in suits against insurance companies claiming contract breach, fraud or other intentional torts, the punitive damages verdict often exceeds the compensatory damages verdict."); *Bolling*, 900 F. Supp. at 405 ("[I]n Alabama, when a plaintiff seeks recovery for fraud against an insurance company and asks for punitive damages, the recovery, if the plaintiff prevails, may very well exceed $50,000."). Claims against insurance carriers, especially those involving bad faith, are not well-suited to extrapolation to a case like this one.

District courts are permitted "to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (internal quotations omitted). Based on its own "judicial experience" and "common sense," the court concludes that the Defendants have not met their burden of proving that subject matter jurisdiction exists in this case. *Id.* Therefore, because federal courts have an obligation to dismiss cases *sua sponte* where no subject matter jurisdiction exists, *see Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and consistent with its charge to resolve all doubts about jurisdiction in favor of remand, *see City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012), this case is **REMANDED** back to the Circuit Court of Jefferson County, Alabama.

**DONE** the 30th day of July, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE